[No. H011629. Sixth Dist. July 26, 1994.]

In re JULIAN O., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JULIAN O., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part A.

COUNSEL

Karen L. Landau, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MIHARA, J.—Appellant was committed to the California Youth Authority after the juvenile court found true allegations that he had committed attempted murder (Pen. Code, §§ 187, 664), and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)). The court also found true allegations that appellant had personally inflicted great bodily injury (Pen. Code, §§ 1203, subd. (e)(3), 12022.7) and personally used a knife (Pen. Code, § 12022, subd. (b)). Appellant challenges the sufficiency of the evidence to support the court's findings that he committed attempted murder and that he personally inflicted great bodily injury. He also claims that the juvenile court erred in making a finding under Welfare and Institutions Code section 607, subdivision (b). Finally, appellant purports to challenge a restitution order. We find the evidence insufficient to support the juvenile court's finding that appellant personally inflicted great bodily injury and strike that finding, but we reject the remainder of his contentions and affirm the judgment in all other respects.

DISCUSSION

A. *Sufficiency of the Evidence\**

. . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Welfare and Institutions Code Section 607 Finding*

The juvenile court found that appellant came within the provisions of Welfare and Institutions Code[1] section 607, subdivision (b) because he had committed offenses listed in section 707, subdivision (b).[2] Appellant claims that section 607, subdivision (b) does not apply to juveniles under the age of 16. We reject this assertion.

The current version of section 607, subdivision (b) contains no age restriction. "The court may retain jurisdiction over any person who is found to be a person described in Section 602 *by reason of the commission of any of the offenses listed in subdivision (b) of section 707* until that person attains the age of 25 years if the person was committed to the Department of the Youth Authority." (Welf. & Inst. Code, § 607, subd. (b), italics added.) Section 707 governs determinations as to whether minors 16 years of age or older are fit to be dealt with under the juvenile court law. Subdivision (b) of section 707 contains a list of offenses which, if committed by a minor 16 years of age or older, trigger a presumption that the minor is unfit to be dealt with under the juvenile court law. (§ 707, subds. (b), (c).) "[The presumption of unfitness] shall be applicable in any case in which a minor is alleged to be person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of one of the following offenses: . . ." What follows are 25 numbered subsections describing serious offenses including "(12) Assault with intent to murder or attempted murder" and "(14) Assault by any means of force likely to produce great bodily injury."

Appellant argues that section 607, subdivision (b)'s reference to *"the offenses listed in subdivision (b) of section 707"* was an implicit incorporation

---

\*See footnote, *ante,* page 847.
[1]Subsequent statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]The juvenile court found that "this commitment is a Welfare and Institutions Code section 707(b) commitment based on sustained allegations of violation of Penal Code section 664/187, also 245(a)(1), as well as 12022.7, 120383 [*sic*] and 12022(b)." (Italics added.) That the juvenile court misspoke is clear. Section 707, subdivision (b) has nothing to do with commitments to the California Youth Authority. That subdivision does, however, contain a list of offenses which is referenced by section 607, subdivision (b). Section 607, subdivision (b) *does* relate to commitments to the California Youth Authority. Thus, as the parties apparently concede, the juvenile court clearly intended to make a finding that its commitment of appellant to the California Youth Authority was under section 607, subdivision (b).

of section 707, subdivision (b)'s restriction on the application of the presumption of unfitness to minors 16 years of age or older. Application of section 607, subdivision (b) to minors under the age of 16, according to appellant, "does violence to the plain language of the statutory scheme and to well-established principles of statutory construction." We strongly disagree. Section 607, subdivision (b) does not in any way refer to or incorporate any part of section 707 other than "the offenses listed in subdivision (b)" of that statute. There is nothing in section 607, subdivision (b) which reflects a legislative intent to incorporate the unreferenced age limitation contained elsewhere in section 707, subdivision (b). Even more telling is the legislative history of section 607, subdivision (b), which has not been addressed by either appellant or the Attorney General. Subdivision (b) of section 607 was created in 1976 by the same legislative act which created subdivision (b) of section 707. (Stats. 1976, ch. 1071, § 13, p. 4819, and § 28.5, pp. 4825-4826.) As it was originally enacted, the applicability of subdivision (b) of section 607 was limited by its express terms to "any person who is found to be a person described in Section 602 of this code by reason of the violation, *when he was 16 years of age or older,* of any of the offenses listed in subdivision (b) of Section 707 . . . ." (Stats. 1976, ch. 1071, § 13, p. 4819, italics added.) In 1982, the Legislature amended section 607, subdivision (b) by eliminating the language restricting its application to minors 16 years of age or older. (Stats. 1982, ch. 1102, § 1, p. 4003.) We refuse to view the Legislature's 1982 amendment of section 607, subdivision (b) as a pointless act. The only conceivable intent which can be attributed to the Legislature is that it intended to extend the scope of section 607, subdivision (b) to minors of all ages.

Accordingly, we hold that section 607, subdivision (b) is not restricted to minors who were 16 years of age or older when they committed their offenses and therefore this subdivision may be properly applied to appellant, who was 15 years of age when he committed these offenses.

## C. *Restitution*

The juvenile court ordered appellant to pay restitution to Gabriel "for losses sustained." However, the court did not specify the amount of this restitution. Instead, it directed "[t]he specific amount in terms of payment to be ordered ex parte if agreed upon, or recommend ex parte hearing if contested provided that Gabriel B[.] submits a claim of those losses within one year of this order." In our view, the juvenile court did not enter a final restitution order at appellant's dispositional hearing. Instead, the juvenile court clearly contemplated the entry of a subsequent order setting the amount of restitution if Gabriel submitted a claim for his losses within a

year. There is no indication in the record or from the parties that such a claim was submitted or any subsequent order entered. Consequently, appellant cannot point to an appealable order directing him to pay restitution to Gabriel. "A judgment in a proceeding under Section 601 or 602 may be appealed from, by the minor, in the same manner as any final judgment, and *any subsequent order may be appealed from, by the minor, as from an order after judgment.*" (§ 800, subd. (a), italics added.) If and when a restitution order is actually entered by the juvenile court, appellant may challenge that order by filing a timely appeal therefrom. Appellant may not challenge that order in this appeal because that order is not a part of the judgment from which he is currently appealing.

## CONCLUSION

The juvenile court's finding that appellant personally inflicted great bodily injury within the meaning of Penal Code section 12022.7, subdivision (a) is hereby stricken. The juvenile court is ordered to amend its commitment order of February 17, 1994, to reflect that the maximum term of confinement is nine years rather than twelve years and to forward a copy of the amended commitment order to the California Youth Authority. In all other respects, the judgment is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

A petition for a rehearing was denied August 18, 1994.