[No. B155183. Second Dist., Div. Six. Aug. 22, 2002.]

In re TINO V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
TINO V., Defendant and Appellant.

**COUNSEL**

Richard C. Gilman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, P. J.**—Here we hold Welfare and Institutions Code section 1769, subdivision (b)[1] authorizes California Youth Authority (CYA) commitments to age 25 for juveniles under 16 years who commit an offense listed in section 707, subdivision (b).

At age 14, Tino V. (Tino) committed two separate offenses of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).) He appeals the order that extended his commitment to CYA until age 25. We affirm.

### FACTS

In 1997 the juvenile court sustained a section 602 petition and found true the allegations that Tino committed two counts of assault with a deadly weapon.[2] Tino was 14 years old when he committed the offenses.

The court placed Tino on probation in the custody of his parents. After he "failed to reform" on probation, the court committed him to CYA for a maximum period of five years and six months. CYA requested the court to determine whether Tino's offenses came within section 707, subdivision (b). Section 707, subdivision (b) lists the offenses for which a minor may be tried as an adult if the minor is 16 years of age or older and not amenable to treatment in the juvenile court. The trial court decided that assault with a deadly weapon is listed in section 707, subdivision (b) and it extended the CYA's jurisdiction over Tino to age 25.

### DISCUSSION

### *Juvenile Commitments to Age 25 for Offenders Under Age 16*

In 1982 the Legislature amended the Welfare and Institutions Code to extend both juvenile court jurisdiction and CYA commitments to age 25 for minors who commit serious offenses. (Assem. Bill No. 961, Stats. 1982, ch. 1102, §§ 1-2, pp. 4003-4004.) It added subdivision (b) to section 607 which provides: "The court may retain jurisdiction over any person who is found to be *a person described in Section 602* by reason of the *commission of any of the offenses listed in subdivision (b)* . . . of Section 707 until that person

---

[1] All statutory references are to the Welfare and Institutions Code unless stated otherwise.

[2] Section 602 states in part: "(a) Except as provided in subdivision (b), any person who is under the age of 18 years when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

attains the age of 25 years . . . ." (Italics added.) It also added subdivision (b) to section 1769 which provides: "Every person committed to the Department of the Youth Authority by a juvenile court who has been found to be *a person described in Section 602* by reason of the *violation of any of the offenses listed in subdivision (b) . . . of Section 707*, shall be discharged upon the expiration of a two-year period of control or when the person reaches his or her 25th birthday, whichever occurs later . . . ." (Italics added.)

Tino concedes his offenses are listed in section 707, subdivision (b), but notes that section 707, subdivision (b) applies to minors "16 years of age or older." He argues that because section 1769, subdivision (b) refers to section 707, subdivision (b), the CYA extended commitment also must apply only to minors 16 years of age or older, and therefore not to him.

In determining the meaning of a statute, we look first to the words the Legislature used. (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' " (*Ibid.*)

Here the language is clear. Both sections 607, subdivision (b) and 1769, subdivision (b) refer to the offenses in section 707, subdivision (b), but only to designate the offenses that trigger extended commitments. Sections 607 and 1769 do not refer to section 707's 16-year age requirement, but they do refer to section 602. Section 602, subdivision (a) applies to "any person who is under the age of 18 years" and subdivision (b) applies to those "14 years of age or older." Tino was 14 years old at the time of his offenses and thus comes within these sections.

Nevertheless, Tino contends it is the Legislature's intent that section 1769, subdivision (b) apply only to minors who were at least 16 years of age at the time of the offense. In interpreting section 607, subdivision (b), *In re Julian O.* (1994) 27 Cal.App.4th 847 [32 Cal.Rptr.2d 193] *(Julian)* rejected this argument. "The only conceivable intent which can be attributed to the Legislature is that it intended to extend the scope of section 607, subdivision (b) to minors of all ages." (*Id.* at p. 851) The court noted that the section previously applied to older minors. But in 1982 the Legislature amended it "by eliminating the language restricting its application to minors 16 years of age or older. [Citation.]" (*Ibid.*) Section 707, subdivision (b) "has nothing to do with commitments to the California Youth Authority." (*Julian,* at p. 850, fn. 2.) Its purpose is to list those offenses which, when committed by a minor 16 years of age or older, "trigger a presumption that the minor is unfit to be dealt with under the juvenile court law. [Citation.]" (*Id.* at p. 850.) The

court "refuse[d] to view the . . . 1982 amendment of section 607, subdivision (b) as a pointless act." (*Id.* at p. 851.)

Tino contends that *Julian* was inapposite because it did not review section 1769, subdivision (b). He contends it has a different legislative history which yields a different result. We disagree.

Sections 607 and 1769 were amended to "delete the language limiting the application of the provision to persons who were 16 years of age or older at the time of the offense," and to increase the juvenile court's retention of jurisdiction and CYA commitments to age 25. (Legis. Counsel's Dig., Assem. Bill No. 961 (1981-1982 Reg. Sess.) 6 Stats. 1982, Summary Dig., p. 372.) That is what the juvenile court properly did here.

The order is affirmed.

Yegan, J., and Coffee, J., concurred.