[No. F043917. Fifth Dist. June 4, 2004.]

In re VERONIQUE P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
VERONIQUE P., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Background and parts I. and II.

### COUNSEL

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Barbara J. Moore, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**VARTABEDIAN, Acting P. J.**—Fourteen-year-old Veronique P. admitted that she committed a violation of Penal Code section 245, subdivision (a)(1), assault with a deadly weapon, and was found to come within the jurisdiction of the juvenile court within the meaning of Welfare and Institutions Code section 602.[1] She appeals, claiming the juvenile court did not take a proper waiver of rights prior to her admission, the court erred in committing her to the California Youth Authority, and the court erred in designating her offense as falling within section 707, subdivision (b), because she was 14 years old when she committed the offense. We affirm the juvenile court orders and publish our discussion of the issue raised concerning section 707, subdivision (b).

---

[1] All future code references are to the Welfare and Institutions Code unless otherwise noted.

## BACKGROUND[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I., II.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III.   Section 707, Subdivision (b) Finding

At the disposition hearing the court found that the offense, a violation of Penal Code section 245, subdivision (a)(1), falls within and is listed under section 707, subdivision (b). The minute order from the hearing states, "The minor is committed to California Youth Authority on Petition(s) attached hereto. Welfare and Institutions code section 707 (b) designations attached."

Veronique asserts the trial court erred in designating her offense as falling within section 707, subdivision (b) because that section applies to minors 16 years of age or older and she was only 14 when she committed the offense. We disagree.

■   "[A]ny individual less than 18 years of age who violates the criminal law comes within the jurisdiction of the juvenile court, which may adjudge such an individual a ward of the court. (§ 602, subd. (a).) A minor accused of a crime is subject to the juvenile court system, rather than the criminal court system, unless the minor is determined to be unfit for treatment under the juvenile court law or is accused of certain serious crimes." (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 548 [117 Cal.Rptr.2d 168, 41 P.3d 3], fn. omitted.) Minors age 14 years and older who commit the most serious crimes (for example a special circumstance murder where the victim was personally killed by the minor) are per se unfit for juvenile court. (§ 602, subd. (b).) All other questions of fitness are determined pursuant to section 707.

■   Section 707, subdivision (a) applies to minors 16 years of age or older. Under subdivision (a)(1), if the minor has not committed a crime listed in section 602, subdivision (b) or 707, subdivision (b), the People may make a motion for a determination of unfitness. Following submission of a report and any other evidence, the juvenile court may find, based on listed criteria, that the minor is not a fit and proper subject to be dealt with under the

---

[*]See footnote, *ante*, page 195.

juvenile court law. Section 707, subdivision (a)(2) allows the People to make a motion for determination of unfitness when the minor is alleged to have committed a felony offense and has been found to have committed certain previous offenses. A motion made under this subdivision raises a presumption of unfitness.

Section 707, subdivision (b) provides in pertinent part: "Subdivision (c) shall be applicable in any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of one of the following offenses . . . ." A list of numerous serious offenses follows.

Section 707, subdivision (c) provides in pertinent part: "With regard to a minor alleged to be a person described in Section 602 by reason of the violation, when he or she was 14 years of age or older, of any of the offenses listed in subdivision (b), upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for a determination of unfitness." A motion made under this section raises a presumption of unfitness.

Section 707, subdivision (d) "confers upon prosecutors the discretion to bring specified charges against certain minors directly in criminal court, without a prior adjudication by the juvenile court that the minor is unfit for a disposition under the juvenile court law." (*Manduley v. Superior Court, supra,* 27 Cal.4th at p. 545.)

Veronique contends that "[s]ince the Legislature created two separate subdivisions in section 707 for 14+ minors and 16+ year-old minors, subdivisions (c) and (b) respectively, we must respect that distinction and not permit blanket designations of 14-year-old offenders under section 707 (b)." Veronique argues that the section 707 subdivision (b) designation could adversely affect Veronique's confinement in a way not intended by the Legislature.

The determination of fitness or unfitness for juvenile court is the primary purpose of section 707. Veronique's case proceeded in juvenile court without the People filing a motion for determination of fitness or unfitness. Thus, fitness is not an issue in this appeal.

■ Although a determination of fitness or unfitness for juvenile court is the primary purpose of section 707, subdivision (b) of that section contains a list of serious offenses. This list is referenced for multiple purposes throughout the Welfare and Institutions Code and is also found in the Penal Code.

For example, section 607, subdivision (b), states that the juvenile court "may retain jurisdiction over any person who is found to be a person described in Section 602 by reason of the commission of any of the offenses listed in subdivision (b), paragraph (2) of subdivision (d), or subdivision (e) of Section 707 until that person attains the age of 25 years if the person was committed to the Department of the Youth Authority." Section 1769, subdivision (b) provides, "[e]very person committed to the Department of the Youth Authority by a juvenile court who has been found to be a person described in Section 602 by reason of the violation of any of the offenses listed in subdivision (b), paragraph (2) of subdivision (d), or subdivision (e) of Section 707 shall be discharged upon the expiration of a two-year period of control or when the person reaches his or her 25th birthday, whichever occurs later, unless an order for further detention has been made by the committing court . . . ."

In the case of *In re Tino V.* (2002) 101 Cal.App.4th 510 [124 Cal.Rptr.2d 312], the argument that a 14-year-old minor who committed an offense on the list contained in section 707, subdivision (b), could not be subject to the extended commitment periods, as set forth above, in sections 607 and 1769 because section 707, subdivision (b) applied only to minors 16 years of age or older was rejected by the appellate court. "Both sections 607, subdivision (b) and 1769, subdivision (b) refer to the offenses in section 707, subdivision (b), but only to designate the offenses that trigger extended commitments. Section 607 and 1769 do not refer to section 707's 16-year age requirement." (*In re Tino V.* at p. 513.) A similar argument was rejected in *In re Julian O.* (1994) 27 Cal.App.4th 847, 851 [32 Cal.Rptr.2d 193].

■ That the Legislature intended the list of crimes contained in section 707, subdivision (b), to serve as a reference list and to apply to minors younger than 16 is evidenced by statutes expressly applying the offenses listed in subdivision (b) of section 707 to minors 14 years of age or older. For example, section 625.3 provides in pertinent part that "a minor who is 14 years of age or older and who is taken into custody by a peace officer for the personal use of a firearm in the commission or attempted commission of a felony or any offense listed in subdivision (b) of Section 707 shall not be released until that minor is brought before a judicial officer." Similarly section 781 governs petitions for sealing juvenile court records; it provides in part that "the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he or she had attained 14 years of age or older."

■ The age limitation of section 707, subdivision (b) does not preclude a court from utilizing the list of crimes contained in section 707, subdivision (b) for other authorized purposes for minors who are younger than 16

years of age. The juvenile court here stated that Veronique's offense falls within and is listed under section 707, subdivision (b). This was a correct finding and was merely a designation of the type of offense that Veronique committed regardless of her age. It was a necessary finding because that designation is relevant to other statutes that reference the list of offenses set forth in section 707, subdivision (b) as a prerequisite for certain actions.[4]

## DISPOSITION

The orders of the juvenile court are affirmed.

Wiseman, J., and Cornell, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 15, 2004.

---

[4] In addition to the already mentioned statutes, other sections that reference the list of crimes in section 707, subdivision (b) include sections 653.5, 654.3, 727, 790, 827.2, 828.1, 1753.3, and 1767.1. Section 707, subdivision (b) is also referenced in the three strikes law. For a juvenile adjudication to qualify as a strike, one of the considerations is whether the prior offense is listed in subdivision (b) of section 707. (Pen. Code, § 667, subd. (d)(3)(B).) We note that a finding that a juvenile offense is a section 707, subdivision (b) offense does not, by itself, automatically qualify the offense as a serious felony within the meaning of the three strikes law. (*People v. Leng* (1999) 71 Cal.App.4th 1 [83 Cal.Rptr.2d 433].)