Filed 11/26/14  In re D.M. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.M.,<br><br>        Defendant and Appellant. | A140905<br><br>(Sonoma County<br>Super. Ct. No. 37574-J) |

D.M. appeals from a dispositional order committing him to an out-of-home placement following the juvenile court's findings on three Welfare and Institution Code,[1] section 602 petitions and several probation violation petitions (Welf. & Inst. Code, § 777).  He contends that the juvenile court abused its discretion in finding that an out-of-state placement was in his best interests.  He also argues that the misdemeanor grand theft finding must be reversed because amended Penal Code section 487 requires that the stolen property be worth more than $950 and the petition erroneously stated the threshold value of the stolen property was $400.  The Attorney General concedes the error.  We vacate the grand theft finding and conclude that the court's findings on the out-of-state placement issue must be reversed.

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

1

# I.  FACTUAL BACKGROUND

In January 2013, the district attorney's office filed three section 602 petitions alleging respectively that defendant committed misdemeanor battery on his stepfather (Pen. Code, § 242); possessed marijuana on school grounds (Health & Saf. Code, § 11357, subd. (e)); and committed misdemeanor grand theft (Pen. Code, § 487, subd. (a)).  Defendant admitted the misdemeanor battery and grand theft allegations.  The misdemeanor grand theft charge was based on defendant's theft of a cell phone, laptop, and camera from an acquaintance.  The court dismissed the marijuana possession allegation.  On March 13, 2013, the court committed defendant to the juvenile hall for a period of 18 to 25 days followed by community detention for 30 to 35 days.

Defendant's performance on community detention was unsatisfactory.  On April 23, 2013, the probation department filed a section 777 petition alleging that defendant violated a court order by failing to appear for chemical testing and not attending counseling.  Defendant admitted that he failed to attend a counseling program; the court continued defendant on community detention, but committed him to an additional 35 to 40 days in juvenile hall.  The court dismissed the chemical testing allegation.

On May 13, 2013, the probation department filed a second section 777 petition alleging that defendant missed a chemical testing appointment and failed to comply with community detention rules.  On June 5, 2013, the court ordered that defendant undergo a psychological evaluation.  On June 6, 2013, the probation department filed a section 778 petition to modify the court's previous orders to request that defendant be screened for the Assertive Community Treatment (ACT) program.  On June 12, 2013, the court found defendant suitable for the ACT program.

On October 3, 2013, another section 777 petition and a section 602 petition were filed alleging that defendant was arrested for receiving stolen property, a cell phone. Defendant admitted that he committed the offense of receiving stolen property.  The court ordered that defendant be detained in juvenile hall.  The court was concerned that defendant's mother did not have a permanent and stable residence and noted that it might

consider community detention if mother provided proof that she had a residence within Sonoma County. The court dismissed the section 777 petition.

The dispositional hearing was held on October, 21, 2013. The probation department recommended that defendant be committed to an out-of-home placement because he had made "essentially no progress" in the ACT program and lacked a stable home environment. The court followed the probation department's recommendation. It ordered defendant detained in juvenile hall pending an out-of-home placement.

On December 5, 2013, a new section 777 petition was filed alleging that defendant fled from the vehicle that was to transport him to a placement at Rite of Passage and that his whereabouts were unknown. Defendant turned himself in several days later. The court ordered that defendant be detained in the juvenile hall pending placement and referred the matter to the probation department for an out-of-state placement screening.

On January 2, 2014, the court reaffirmed its earlier order retaining defendant as a ward of the court and found that an out-of-state placement was in defendant's best interests. It did not preclude the probation department from considering programs within the state but urged the department to explore as many options as possible. The court further found that an out-of-state placement would not produce an undue hardship on defendant, there was no equivalent facility for him in California, and the requirements of section 7911.1 of the Family Code were met.[2] Counsel for defendant objected, arguing that the court had not provided any evidentiary basis in support of its findings nor had other placement options been exhausted.

## II. DISCUSSION

Defendant contends that the juvenile court abused its discretion in making findings that an out-of-state placement was in his best interests and that the requirements of Family Code section 7911.1 had been met. He argues that the court's findings have no

---

[2] Family Code section 7911.1 provides for the inspection, assessment, and certification of out-of-state group homes to insure their compliance with California licensure standards. The statute requires that a county "obtain an assessment and placement recommendation by a county multidisciplinary team prior to placement of a child in an out-of-state group home facility." (§ 7911.1, subd. (d).)

evidentiary basis, and will preclude him from timely challenging such a placement when it is made.

The Attorney General argues that the court's order is not appealable because the court did not yet order an out-of-state placement and there is no related final judgment from which to appeal. She points to the fact that defendant was in fact placed in an in-state facility in Fresno.[3]

The Attorney General relies on *In re Julian O.* (1994) 27 Cal.App.4th 847, 851–852, a case involving the appealability of a restitution order. There, the court held that the court's restitution order was not an appealable order because the court did not specify the amount of the restitution but directed that the amount be ascertained ex parte or at an ex parte hearing. The court held that the appellant could challenge the restitution order when it was actually entered. (*Id.* at p. 852.)

*Julian O.*, however, is distinguishable. Here, the court made findings on an out-of-state placement issue. The appealability of a placement issue is addressed in *In re Jorge Q.* (1997) 54 Cal.App.4th 223. There, the court ordered that the appellant be placed with his father, but that if he violated any of the terms of the placement, the court could send him to camp without a hearing. (*Id.* at pp. 227–228.) The court of appeal held that the juvenile court's order violated section 777 because it purported to be a dispositional order that was self-executing, circumventing the procedural requirements of section 777 that require a supplemental petition and noticed hearing prior to a more restrictive placement. (*Id.* at p. 237.)

"Under the existing juvenile court law, the juvenile court must make the dispositional order appropriate to appellant's circumstances at the time of disposition. After attempting that level of disposition, if it appears the present level of restriction is not effective, the juvenile court must initiate the proceedings contemplated by section 777. Section 777 proceedings, by the explicit terms of the statute, can be avoided only

[3] We have augmented the record on appeal to include the juvenile court's July 28, 2014 Order for Payment for Care and Maintenance of Wards which refers to defendant's placement at the Valley Teen Ranch in Fresno, California.

4

where the length of the confinement contemplated by the juvenile court is 30 days or less. Otherwise, a section 777 petition must be filed and the juvenile court must have evidence before it to support a finding the previous disposition has not been effective in the rehabilitation or protection of the minor. It is also impermissible for the juvenile court to predetermine dispositional issues prior to a hearing. '[T]he court is required to examine the entire dispositional picture whenever the minor comes before the court for disposition. It cannot treat an earlier order as "self-executing" or "automatic." ' [Citations.]" (*In re Jorge Q.* at pp. 237– 238.)

While the court's order here does not in fact order an out-of-state placement, it appears to be a "self-executing" order directing the probation department to place defendant either in an in-state placement or an out-of-state placement and makes the specific findings that an out-of-state placement is in defendant's best interests and that the department has complied with the requirements of Family Code section 7911.1. The court also failed to make an express finding on why its previous placement order was ineffective. (See *In re Ruben A.* (1981) 121 Cal.App.3d 671, 674.) Section 777 requires a noticed hearing in order to change or modify a previous placement order. (§ 777.)

In this case, the dispositional hearing was held in October 2013, and the court ordered an out-of-home placement. Defendant, however, fled en route to the placement and a new section 777 petition was filed. The section 777 hearing was held on December 10, 2013. The court again ordered an out-of-home placement, but also referred the matter to the probation department for an out-of-state screening.

The parties returned to court on January 2, 2014. The probation officer reported that the Case Management Council (CMC) had approved "out-of-state language" for defendant's placement but wanted the court's direction as to whether the department could look at in-state as well as out-of-state programs. The court responded that it wanted as many options as possible but proceeded to find that "placement out of state is in the best interests of the minor and will produce no undue hardship for the minor. There is no equivalent facility for the minor in the state of California. The requirements of 7911.1 of the Family Code have been met."

5

Although the record indicates that defendant was placed in an in-state program, the court's findings regarding an out-of-state placement are premature and are not supported by the record. Section 727.1, subdivision (b)(1) provides that a court may not order a minor placed in an out-of-state residential facility or program "unless the court finds, in its order of placement, that all of the following conditions are met: [¶] (1) In-state facilities or programs have been determined to be unavailable or inadequate to meet the needs of the minor. [¶] (2) The State Department of Social Services has performed initial and continuing inspection of the out-of-state residential facility . . . . [and] [¶] (3) The requirements of Section 7911.1 of the Family Code are met."

Here, not only had the court not made a determination that an in-state program was unavailable or inadequate, it proceeded to find that an out-of-state placement was in defendant's best interests. Other than the probation officer's remarks at the hearing that the CMC had approved "out-of-state language and placement" for defendant, there is no evidence in the record to support that finding. Although it appears that the juvenile court simply wanted the option of an out-of-state program for defendant, and defendant was ultimately placed in an in-state facility, the court's findings regarding the out-of-state placement indicate that the court was predetermining a future placement issue. We must therefore reverse that portion of the court's order finding that an out-of-state placement is in defendant's best interests. Upon any future section 777 petition, the court may assess whether an out-of-state placement is appropriate in light of the circumstances present at the time.

Defendant also argues that the misdemeanor grand theft finding must be reversed because Penal Code section 487 requires a finding that defendant stole property worth more than $950 while the section 602 petition alleged grand theft of property of a value exceeding $450. Effective January 1, 2011, Penal Code section 487 was amended to define grand theft as the taking of property worth more than $950. (Stats. 2010, ch. 693, § 1; *People v. Wade* (2012) 204 Cal.App.4th 1142, 1150.)

The petition here alleged grand theft of property of a value exceeding $400, and was based on conduct that occurred in 2012, well after the effective date of the

6

amendment. The court here, however, sustained the petition charging the grand theft allegation with the incorrect threshold amount of $400. As the Attorney General acknowledges, defendant is entitled to the benefit of the amended $950 threshold. Accordingly, we vacate the sustained allegation of grand theft. Because there was evidence that defendant stole property–a phone, camera, and a laptop—that was worth more than $950, the district attorney may choose to file a new petition. (*People v. Wade*, *supra*, 204 Cal.App.4th at pp. 1153, fn. 5.)

### III. DISPOSITION

The court's order sustaining the misdemeanor grand theft finding is vacated, and the matter is remanded to the juvenile court to allow a new hearing on the allegation should the People choose to file a new petition. We reverse the court's findings approving an out-of-state placement for defendant. In all other respects, the dispositional order is affirmed.

                                                      _____

                                                      Rivera, J.

We concur:


_____
Reardon, Acting P.J.


_____
Bolanos, J.*

\* Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.

8