Filed 7/13/16  In re Tyler J. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Tyler J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Tyler J.,<br><br>        Defendant and Appellant. | A146764<br><br>(Contra Costa County<br>Super. Ct. No. J12-01396) |

Tyler J. admitted a felony allegation of a juvenile wardship petition alleging that he acted as an accessory to an arson.  (Pen. Code, §§ 32, 451, subd. (c).)  He was ordered to pay restitution jointly and severally with a coresponsible minor as a condition of probation.  After a contested restitution hearing, and a subsequent modification hearing, the court set restitution in the amount of $153,800, with Tyler separately responsible for $53,800.  Tyler appeals from the modified restitution order.

Assigned counsel has submitted a *Wende*[1] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Tyler has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

1

record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)  We find no arguable issues and therefore affirm.

## I.    BACKGROUND AND PROCEDURAL HISTORY

A September 2012 arson fire at Antioch City Park damaged a play structure and surrounding areas.  Tyler was charged with the offense in a juvenile wardship petition.  Tyler admitted the allegation of an amended petition to having acted as an accessory to the arson.  The court's disposition called for payment of restitution in an amount to be determined, and liability was joint and several with a coresponsible minor, Brandon G.

The City of Antioch (City) filed a victim impact statement, estimating that the cost of rebuilding the damaged play structure would be $150,000.  At an August 2013 hearing, the court ordered restitution in the amount of $153,800 be paid by Tyler, his parents, and "the other minor whose charge has been sustained."  In October 2015, the City moved to modify the restitution orders in Tyler's and Brandon's cases.  Apparently, an insurance carrier for Brandon's family offered a $100,000 payment towards the restitution obligation on condition that the court limit his liability to that amount.  The City proposed that the remaining balance of $53,800 be made the sole responsibility of Tyler and his parents.  Tyler's counsel opposed the motion, arguing that any order imposing anything other than joint and several liability would be inappropriate and unauthorized.

The juvenile court continued the hearing to allow the parties submit authority on the issue, but Tyler failed to do so.  At a further hearing on October 23, 2015, the court granted the City's motion, finding that the interests of the restitution statutes would be served in allowing the victim to recover a substantial portion of its loss.  The court modified the restitution order, limited joint and several liability to $100,000, contingent upon payment by the insurance carrier, with the remainder of the order remaining in full force and effect.  Tyler appeals that order.[2]

---

[2] The restitution order is appealable as a postjudgment order.  (*In re Julian O.* (1994) 27 Cal.App.4th 847, 852.)

## II.   DISCUSSION

Tyler did not challenge the amount of the restitution order when it was entered, and he made no contention then (or now) that the original loss determination was not supported by substantial evidence.  His appeal is only from the modification order finding him separately liable for the amount of loss in excess of $100,000.  We find no arguable issues.  "In proceedings involving minors, the juvenile court is vested with discretion to order restitution consistent with the goals of the juvenile justice system.  [Citation.]  The goal of the juvenile justice system is to provide minors under the jurisdiction of the court with care, treatment, and guidance that is consistent with their best interests and to hold them accountable for their behavior as appropriate under the circumstances, consistent with the interests of public safety and protection."  (*In re Alexander A*. (2011) 192 Cal.App.4th 847, 853.)  The legislative objective of ordering restitution in a juvenile case is "to rehabilitate the defendant, deter future delinquent behavior, and make the victim whole by compensating him for his economic losses."  (*In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1017; accord, *In re S.S.* (1995) 37 Cal.App.4th 543, 549.)  "Generally speaking, restitution awards are vested in the trial court's discretion and will be disturbed on appeal only where an abuse of discretion appears.  [Citation.] . . . A reviewing court will generally examine an issue of law independently of a lower tribunal's ruling."  (*In re K.F.* (2009) 173 Cal.App.4th 655, 661, fn. omitted.)

Tyler submits no authority here, and submitted none in the court below, for the proposition that joint and several liability is required by law in the circumstances of this case.  We are aware of none.  Our review of the record fails to show that the juvenile court abused its discretion.

## III.   DISPOSITION

The order is affirmed.

3

                                        _____

                                        Bruiniers, J.

We concur:

_____

Jones, P.J.


_____

Simons, J.

A146764