Filed 3/15/22  In re J.L. CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re J.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.L.,<br><br>        Defendant and Appellant. | A163116<br><br>(Contra Costa County<br>Super. Ct. No. J2100200) |

Minor J.L. was charged with second degree robbery (Pen. Code, § 211) in a wardship petition filed pursuant to Welfare and Institutions Code section 602.[1]  In short, minor forced a victim out of his car and drove off with the car.  The People ultimately amended the charge to attempted second degree robbery, which minor admitted.  The matter was transferred from Alameda County to Contra Costa County for disposition.

At minor's disposition hearing, the juvenile court in Contra Costa County adjudged him a ward with no termination date and placed him on probation.  The court also placed minor on home supervision for an additional

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise specified.

1

90 days, giving the probation department the authority to terminate home supervision after 45 days. The court adopted as its own findings various recommendations in a probation department report prepared for the disposition hearing, including a recommendation that minor was not to own, possess, or have in his custody or control a firearm until the age of 30 pursuant to Penal Code section 29820, subdivision (b).

Minor filed a notice of appeal. Minor's appellate counsel filed a brief raising no issues and asked this court to independently review the record to determine whether any arguable issues exist. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97, 99 [*Wende* procedure applies in juvenile delinquency appeals].) Minor has been informed of his right to file a supplemental brief, and he has not done so. The proof of service accompanying the petition indicates Minor's appellate counsel served him by mail with a copy of the *Wende* brief.

We reviewed the entire record on appeal and asked for further briefing on a single issue: whether the juvenile court properly prohibited minor from owning, possessing, or having in his custody or control, any firearm, until the age of 30, pursuant to Penal Code section 29820, subdivision (b) (hereafter referred to as the firearm prohibition). In short, this firearm prohibition applies to a person who meets two requirements. First, the person must have been alleged to have committed, or was convicted of committing, an offense enumerated in Penal Code section 29820, subdivision (a)(1). The enumerated offenses include any offense listed in section 707, subdivision (b) (707(b)). Second, the person must have been "subsequently adjudged a ward of the juvenile court within the meaning of Section 602 . . . because the person committed an offense listed in [section 29820, subdivision (a)(1)]." (Pen. Code, § 29820, subd. (a)(2).)

As a general matter, "[t]he determination of fitness or unfitness for juvenile court is the primary purpose of section 707." (*In re Veronique P.* (2004) 119 Cal.App.4th 195, 199.) But notably, section 707(b) "contains a list of serious offenses" and—as is the case here with the statutory firearm prohibition—"[t]his list is referenced for multiple purposes" throughout the Welfare Institutions Code and the Penal Code. (*Veronique P.*, at p. 199.) As relevant here, section 707(b) does not explicitly list attempted robbery as an offense. Thus, the question here is whether minor was charged with an offense otherwise specified in section 707(b). The People contend the answer is yes, observing that section 707(b)(17) lists "[a]n offense described in Section . . . 12022.53 of the Penal Code," and that attempted robbery is included as an offense in Penal Code section 12022.53, subdivision (a)(4) and (18).

Conversely, minor argues that Penal Code section 12022.53's mere inclusion of attempted robbery as an offense within its terms is insufficient for purposes of section 707(b). Rather, he contends, Penal Code section 12022.53 "describes sentence enhancements for individuals who commit certain felonies while personally using a firearm," and here the juvenile court did not find he used a firearm in the commission of the attempted robbery. We agree with minor.

Penal Code section 12022.53 is entitled "*Use of firearm* in commission of felony; Discharge; Injury." (Italics added.) The statute creates firearm enhancements for a person who "personally uses a firearm" or "personally and intentionally discharges a firearm" in the commission of various enumerated offenses, including attempted robbery. (Pen. Code, § 12022.53, subds. (a)(4) & (18), (b), (c), (d).) Put another way, under the terms of the statute, firearm enhancements may apply when a person both commits an

enumerated felony, such as attempted robbery, *and* personally uses, or personally and intentionally discharges a firearm.  In the words of the Supreme Court, "[s]ection 12022.53 is a sentence enhancement scheme that applies to persons who use firearms." (*People v. Briceno* (2004) 34 Cal.4th 451, 460–461.)

Here, the People urge that section 707(b)(17) be interpreted as referring only to subdivision (a) of section 12022.53, which enumerates the various crimes to which this firearm enhancement scheme can apply.  But as explained below, the People err in failing to address the remainder of section 12022.53, which specifies the other requisite criteria for application of the firearm enhancements.

"The cardinal rule of statutory construction is that a statute must be read and considered as a whole in order that the true legislative intention may be determined.  The various parts of a statute must be construed together, and harmonized . . . ." (*Candlestick Properties, Inc. v. San Francisco Bay Conservation Etc. Com.* (1970) 11 Cal.App.3d 557, 569 (*Candlestick*); see *People v. Briceno*, *supra*, 34 Cal.4th at p. 460 [" 'Statutory language should not be interpreted in isolation, but must be construed in the context of the entire statute of which it is a part, in order to achieve harmony among the parts.' "].)  Reading the statute as a whole, we conclude section 707(b)(17)'s reference to an offense "described in" Penal Code section 12022.53 explicitly contemplates that a minor commit one of the enumerated offenses *plus* personally use, or personally and intentionally discharge a firearm.  Here, nothing in the record suggests that minor ever personally had a firearm or that he discharged a firearm during the offense.

Even assuming the statutory language were ambiguous on the matter, we note the legislative history of Assembly Bill No. 105, which added Penal

Code section 12022.53 to section 707(b) supports our construction. (See Stats. 1998, ch. 936 (Assem. Bill No. 105), § 21.5.) Notably, the Legislative Counsel's Digest accompanying Assembly Bill No. 105 explained: "Section 12022.53 of the Penal Code enacted in 1997 and effective January 1, 1998, creates a sentence *enhancement for use of a firearm in the commission of certain crimes*. [¶] This bill would revise the following provisions [including section 707] to reflect *this enhancement*: . . . provisions applicable to trial of a minor as an adult . . . ." (Legis. Counsel's Dig., Assem. Bill No. 105 (1997–1998 Reg. Sess.) Stats. 1998, ch. 936, italics added.) As relevant here, the legislative history also indicates that the bill intended to "fully implement" section 12022.53 (also called the "10-20-life" law) by cross-referencing section 12022.53 to various statutes "ordinarily used for similar violent crimes" such as "provisions applicable to trial of a minor as an adult." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 105 (1997–1998 Reg. Sess.) as amended Aug. 31, 1998, pp. 1–3; Assem. Concurrence in Sen. Amends. to Assem. Bill No. 105 (1997–1998 Reg. Sess.) as amended Aug. 31, 1998, p. 2.) As these legislative analyses indicate, section 707(b) meant to include offenses where section 12022.53's firearm enhancements apply, i.e., where a person personally and/or intentionally used a firearm while committing an enumerated offense such as attempted robbery. Contrary to the People's suggestion, there is nothing in the legislative history indicating that section 707(b)(17) was intended to simply import the enumerated offenses to which a Penal Code section 12022.53 enhancement could apply.

Our recent decision in *In re Noah S.* (2021) 67 Cal.App.5th 410 does not support the People's interpretation. *Noah S.* examined section 707(b)(16), which references "[a]n offense described in Section 1203.09 of the Penal

5

Code." Penal Code section 1203.09, subdivision (a) provides, in relevant part: "probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, a person who commits *or attempts* to commit one or more of the crimes listed in subdivision (b) against a person who is 60 years of age or older . . . and who during the course of the offense inflicts great bodily injury upon the person." (Italics added.) Subdivision (b) of Penal Code section 1203.09, provides that subdivision (a) applies to the crime of robbery. We concluded: "Under the plain language of these statutes, an attempted robbery against the particular types of victims specified in section 1203.09—e.g., a victim who is 60 years of age or older, where the perpetrator inflicts great bodily injury—is an offense described in section 1203.09 and therefore qualifies as an offense falling within Welfare and Institutions Code section 707, subd. (b)." (*Noah S.*, at p. 415.) We rejected the minor's argument that the offense described in section 1203.09 of the Penal Code referred only to the offenses described in subdivision (b). (*Noah S.*, at pp. 415–416.)

*Noah S.* did not concern the interplay between section 707(b) and Penal Code section 12022.53. But *Noah S.* did consider a similar question of statutory interpretation as the one presented here, and there we read section 1203.09 as a whole to resolve that question. (*Noah S.*, *supra*, 67 Cal.App.5th at pp. 415–416.) We again resolve the question of statutory interpretation here by reading the statute as a whole, as we must. (*Candlestick*, *supra*, 11 Cal.App.3d at p. 569.)

In sum, the circumstances here did not satisfy the requirements for imposition of the firearm prohibition in Penal Code section 29820, subdivision (b). In our request for supplemental briefing, we asked the parties to address the proper disposition in this matter. Having been

6

provided no argument why a remand might be necessary or otherwise warranted, and seeing no clear purpose that a remand would serve, we will order the firearm prohibition stricken.

## DISPOSITION

The disposition order is modified to strike the portion of the order that, pursuant to Penal Code section 29820, subdivision (b), minor shall not own, possess, or have in his control or custody a firearm until he reaches the age of 30.  In all other respects, the order of the juvenile court is affirmed.

_____

Fujisaki, J.

WE CONCUR:

_____

Tucher, P.J.

_____

Petrou, J.

*A163116/In re J.L.*