Filed 1/13/14

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C069068 |
| Plaintiff and Respondent, | (Super. Ct. No. P08CRF0279) |
| v. | |
| NICHOLAS JAMES DENHAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, James R. Wagoner, Judge. Affirmed as modified.

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Robert C. Nash and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I through III and V.

1

Defendant murdered Gerald Cody Ludden and took his motorcycle.  Convicted of first degree murder, second degree robbery, and carjacking, and sentenced to an indeterminate term of 25 years to life in state prison, defendant appeals.  In this appeal from the judgment, defendant contends the court erred by awarding victim restitution based on expenses not attributable to defendant's conduct.

In the published part of this opinion, we conclude that defendant's contention concerning victim restitution is not cognizable because defendant did not appeal from the separately appealable victim restitution order.

In the unpublished part of this opinion, we conclude that the judgment must be modified.  Accordingly, we modify the judgment and affirm it as modified.

BACKGROUND

Defendant does not challenge the sufficiency of the evidence and our consideration of the issues raised by defendant does not otherwise require a detailed recitation of the facts.  Briefly stated, the facts are that defendant killed Ludden and dumped his body off Mosquito Bridge, an old, wooden bridge over the south fork of the American River.  After the murder, defendant was seen driving Ludden's distinctive motorcycle.  Defendant told an acquaintance that he "killed a guy for it."

The district attorney charged defendant by information with murder (Pen. Code, § 187, subd. (a) -- count I);[1] second degree robbery (§ 211 -- count II); and carjacking (§ 215, subd. (a) -- count III).  A jury convicted defendant as charged and found that the murder was in the first degree.

The trial court sentenced defendant to an indeterminate term of 25 years to life in state prison for murder.  The court then stated:  "The [section] 667.5(b) [one-year enhancement for a prior prison term] and Counts II [second degree robbery] and III

---

[1]     Subsequent undesignated references to sections are to the Penal Code.

2

[carjacking] are stayed pursuant to [section] 654 of the Penal Code." The abstract of judgment (on a form meant for indeterminate sentencing only) reflected the term of 25 years to life for murder. The abstract also indicated that the second degree robbery, carjacking, and prior prison term enhancement were stayed.

DISCUSSION

I

*Alleged Instructional Error*

Relying on *People v. Garcia* (2008) 162 Cal.App.4th 18 (*Garcia*), defendant contends that the trial court erred by not instructing the jury on the offense of voluntary manslaughter based on an unintentional killing committed in the course of an inherently dangerous felony. As the Supreme Court has disapproved *Garcia* and has rejected the theory of voluntary manslaughter that defendant here posits, we conclude the contention that the trial court committed instructional error is without merit. (*People v. Bryant* (2013) 56 Cal.4th 959 (*Bryant*).)[2]

In *Garcia*, the Court of Appeal held that, in addition to the familiar theories of voluntary manslaughter (unreasonable self-defense and heat of passion), another theory exists: "an unlawful killing during the commission of an inherently dangerous felony, even if unintentional . . . ." (*Garcia, supra,* 162 Cal.App.4th at p. 31.) In *Bryant*, however, the Supreme Court rejected this theory of voluntary manslaughter because an essential element of voluntary manslaughter is either intent to kill or conscious disregard for life. (*Bryant, supra,* 56 Cal.4th at p. 968.) The *Bryant* court concluded: "A defendant who has killed without malice in the commission of an inherently dangerous assaultive felony must have killed without either an intent to kill or a conscious disregard for life. Such a killing cannot be voluntary manslaughter because voluntary

---

[2] *Bryant* was decided after the parties filed their briefs in this case.

3

manslaughter requires either an intent to kill or a conscious disregard for life. To the extent that *People v. Garcia, supra*, 162 Cal.App.4th 18 suggested otherwise, it is now disapproved." (*Bryant, supra,* at p. 970.)

As did the *Bryant* court, we conclude that the failure of the trial court to instruct on the *Garcia* theory was not error. (*Bryant, supra,* 56 Cal.4th at p. 970.)

## II

### *Effective Assistance of Counsel*

Defendant contends that, if the trial court was not required to instruct on the *Garcia* theory without a request from the defense, his trial attorney violated his right to counsel by failing to request the instruction. The contention is without merit because the theory is invalid.

## III

### *Prior Prison Term*

Defendant argues, and the Attorney General agrees, that the one-year term imposed and stayed by the trial court for a prior prison term under section 667.5, subdivision (b) must be stricken because no prior prison term was pleaded and proved. We also agree. "The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense." (§ 667.5, subd. (d).) The information did not plead this enhancement.

## IV

### *Victim Restitution*

Defendant argues that the victim restitution order filed more than five months after defendant filed his notice of appeal was improper because the court awarded restitution for expenses not attributable to his conduct. We do not consider this argument because defendant failed to appeal from the victim restitution order.

4

A.      *Proceedings*

When the trial court pronounced judgment on July 25, 2011, it reserved the issue of victim restitution.  It stated:  "The Court will set a restitution hearing in this matter here shortly and we'll deal with that issue."  Defense counsel inquired whether the time to file the notice of appeal ran from that day, and the court advised defendant to file his notice of appeal immediately as "restitution is kind of a separate issue."  Defendant filed a notice of appeal on August 15, 2011, which was 21 days after judgment.

The trial court's deferral of the victim restitution issue was proper under section 1202.4, subdivision (f) which states:  "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court."

The trial court held the hearing on victim restitution on January 20, 2012, almost six months after sentencing and entry of judgment.  At the close of the hearing, the trial court ordered a total of $47,653.67 in victim restitution against defendant.  The record contains no notice of appeal from the restitution order, and defendant does not claim he filed a separate notice of appeal from the that order.

B.      *Analysis*

"[A] notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."  (Cal. Rules of Court, rule 8.406(a)(1).)  "[T]he filing of a timely notice of appeal is a jurisdictional prerequisite.  'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.'  [Citations.]"  (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

Generally, an order after judgment is appealable separately from the judgment itself.  (*In re Julian O.* (1994) 27 Cal.App.4th 847, 852 [subsequent restitution order appealable as order after judgment]; *People v. Guardado* (1995) 40 Cal.App.4th 757, 763

5

[same].)  Therefore, when the trial court held a postjudgment hearing on victim restitution in this case, the resulting order setting the amount of victim restitution became an order after judgment that was appealable separately from the judgment itself.

Because defendant did not appeal from the postjudgment victim restitution order, the appeal must be dismissed as to the challenge to the victim restitution order.

Defendant asserts that we should not dismiss the appeal as to the victim restitution order because the subsequent determination of the amount of victim restitution relates back to the original judgment.  Defendant offers no authority for this relation back theory, and we know of none.  The victim restitution order made in January 2012 was separately appealable (*People v. Guardado, supra,* 40 Cal.App.4th at p. 763); therefore, the victim restitution order required its own notice of appeal.

Although defendant does not so assert, we also conclude that the notice of appeal from the judgment should not be treated as a premature notice of the later victim restitution order.  "A notice of appeal is premature if filed before the judgment is rendered or the order is made, but the reviewing court may treat the notice as filed immediately after the rendition of judgment or the making of the order."  (Cal. Rules of Court, rule 8.406(d).)  Defendant's notice of appeal was from the judgment and, therefore, it would be inconsistent to also treat it as a premature notice of appeal from the victim restitution order.

Because defendant did not separately appeal the victim restitution order, we need not consider defendant's arguments concerning the substance of that order.

V

*Failure to Impose Sentence*

The trial court purported to stay the sentences for the robbery and carjacking convictions, but it never imposed those sentences.  The Attorney General and defendant agree, as do we, that the sentence must be imposed then stayed.

6

Failure to impose a sentence on every count is an unauthorized sentence that must be corrected on appeal. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1472.) The parties agree that we should modify the judgment by imposing sentences rather than going through the wasteful process of remanding to the trial court for the court to return defendant to court, hold proceedings on the sentence, and enter a new sentencing order. But the parties disagree on the remedy. The Attorney General urges us to find that the aggravating circumstances outweigh the mitigating circumstances and impose the upper term for each of the offenses, and defendant asks us to impose the middle term for each of the crimes, arguing that the circumstances justify the middle terms.

We agree that we have the authority to modify the judgment and that judicial economy supports our use of that authority, especially in a case like this where it is unlikely that the decision between a stayed upper term and a stayed middle term will have any effect on the duration of defendant's imprisonment. (§ 1260; *People v. Alford, supra,* 180 Cal.App.4th at p. 1473.) With respect to the Attorney General's request that we impose the upper term, however, we are reticent to engage in the weighing process meant for the trial court, which is the court that heard the evidence at trial. Because the terms will be stayed, it would be wasteful to remand for the trial court to engage in the weighing process to determine whether to impose the upper term. Therefore, we conclude we should impose and stay the middle term for each crime.

## DISPOSITION

The judgment is modified by striking the one-year term for a prior prison term, imposing and staying the middle term of three years for count II, the second degree robbery conviction (§§ 213, subd. (a)(2); 654) and imposing and staying the middle term of five years for count III, carjacking (§§ 215, subd. (b); 654). As modified, the judgment is affirmed. As to the victim restitution issue, the appeal is dismissed. The trial

court is directed to prepare an amended abstract of judgment consistent with this opinion and to send the amended abstract to the Department of Corrections and Rehabilitation.


                                               NICHOLSON           , J.



We concur:



        RAYE              , P. J.



        BLEASE            , J.