Filed 7/24/14  P. v. Hayes CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MARCUS DESHON HAYES,<br><br>      Defendant and Appellant. | B251437<br><br>(Los Angeles County<br>Super. Ct. No. MA058660) |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Margaret E. Maxwell, Supervising Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Marcus Deshon Hayes appeals from the judgment entered following his negotiated no contest plea to a second degree burglary charge and admission of one "strike" prior.

Defendant contends the trial court abused its discretion by selecting the amount of $1,680 for the Penal Code section 1202.4, subdivision (b) restitution fine.[1]

We dismiss the appeal for lack of jurisdiction. Defendant's notice of appeal was filed more than one month late and thus was ineffective.

## BACKGROUND

Defendant was charged with the second degree burglary of a medical marijuana dispensary. The information alleged he had two prior serious felony convictions within the scope of the "Three Strikes" law and section 667, subdivision (a)(1), and had served six prior prison terms within the scope of section 667.5, subdivision (b).

On May 29, 2013, the eve of trial, defendant accepted the prosecutor's plea offer. Defendant was advised of and waived his rights, and in accordance with the plea agreement, he pleaded no contest to second degree burglary and admitted one strike allegation. In accordance with the plea agreement, the trial court sentenced defendant to six years in prison. The court ordered him to pay, inter alia, a $1,680 section 1202.4, subdivision (b) restitution fine. It scheduled a hearing on victim restitution for June 7, 2013. That hearing was later continued to July 26, 2013, but the victim did not appear and the court took the hearing off calendar.

On September 9, 2013, defendant filed a notice of appeal indicating it was from the judgment of the superior court "entered May 28th 2013." The clerk of the superior court accepted this notice and filed it. Defendant included with his notice of appeal a request for a certificate of probable cause, citing alleged ineffective assistance of counsel in failing or refusing to file a motion to withdraw defendant's no contest plea. Defendant

---

[1] Undesignated statutory references are to the Penal Code.

dated his request August 5, 2013.  The trial court denied the certificate on September 11, 2013.

### DISCUSSION

Defendant's appeal challenges the amount of the statutory restitution fine as an abuse of discretion.  The Attorney General argues the appeal is untimely, but nonetheless requests relief in the form of additional mandatory penalty assessments and correction of the abstract of judgment.  We agree with the Attorney General the notice of appeal was untimely, and because this means we have no appellate jurisdiction, we must dismiss the appeal without awarding either party relief.

**a.      The importance of a timely notice of appeal**

To appeal a judgment, a defendant must file a notice of appeal in the trial court "within 60 days after the rendition of the judgment or the making of the order being appealed."  (Cal. Rules of Court, rule 8.308(a).)  "In a criminal case, judgment is rendered when the trial court orally pronounces sentence."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.)

"A timely notice of appeal, as a general matter, is 'essential to appellate jurisdiction.'  [Citation.]  It largely divests the superior court of jurisdiction and vests it in the Court of Appeal.  [Citation.]  An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion or on its own motion.'  [Citation.]  The purpose of the requirement of a timely notice of appeal is, self-evidently, to further the finality of judgments by causing the defendant to take an appeal expeditiously or not at all."  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)

A limited exception applies where an incarcerated appellant either delivered his notice of appeal to custodial officials for mailing within the filing period or made arrangements with his attorney for filing a timely appeal and was diligent in seeking to ensure his attorney carried out that responsibility.  (*People v. Lyons* (2009) 178

3

Cal.App.4th 1355, 1361–1362.) The would-be appellant must make a sufficient evidentiary showing to establish the applicability of the exception. (*Id.* at p. 1362.)

**b.** **Defendant's notice of appeal was untimely and ineffective**

Judgment in this case was rendered on May 29, 2013, when defendant was sentenced. Defendant was required to file his notice of appeal by July 29, 2013.[2] It was not filed until September 9, 2013, and defendant made no evidentiary showing bringing him within the exception for prison mailing or attorney error. The notice would be untimely even if we were to credit the date of August 5, 2013, that defendant wrote on his request for a certificate of probable cause. The notice of appeal was therefore ineffective.

Defendant argues the time should be calculated from the date of the restitution hearing, not the date of sentencing. He cites several cases in which criminal defendants or minors challenged restitution orders entered at hearings conducted after sentencing or juvenile disposition hearings. Restitution orders are separately appealable. (*People v. Denham* (2014) 222 Cal.App.4th 1210, 1213–1214.) Accordingly, the entry of a restitution order commences the 60-day period to appeal that order. (*Ibid*.) However, this appeal does not challenge a restitution order. It challenges the mandatory statutory restitution *fine* imposed at sentencing on May 29, 2013. The cases cited by defendant are inapposite, and he has cited no authority supporting an extension of time to appeal from an aspect of sentencing included in the rendition of judgment.

Accordingly, we conclude defendant's notice of appeal was untimely filed and therefore ineffective to vest this court with jurisdiction. The appeal must be dismissed. Because we lack appellate jurisdiction, and thus the power to grant any relief, we also cannot address the Attorney General's claim of sentencing error.

---

[2] The sixtieth day, July 28, 2013, was a Sunday.

4

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


                                        MILLER, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

_____

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


5