Filed 6/29/16  P. v. Kirsner CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARSHALL ALAN KIRSNER,<br><br>    Defendant and Appellant. | 2d Crim. No. B263855<br>(Super. Ct. No. LA069758-01)<br>(Ventura County) |

Marshall Alan Kirsner appeals from orders made after his felony convictions had been reduced to misdemeanors pursuant to Penal Code section 1170.18, enacted by Proposition 47.[1]  In his notice of appeal filed on May 4, 2015, appellant claimed that the Ventura County Superior Court had erroneously denied his request to terminate postrelease community supervision (PRCS).  After the filing of the notice of appeal, the court changed its mind.  On June 8, 2015, it terminated PRCS and placed appellant on misdemeanor parole for one year.  Appellant did not file an appeal from the June 8, 2015 order.

Appellant contends that on June 8, 2015, the Ventura County Superior Court exceeded its jurisdiction in placing him on misdemeanor parole because (1) he had completed his sentence for the felony convictions; and (2) it was bound by a previous determination of the Los Angeles County Superior Court that he had completed his

---

[1] All statutory references are to the Penal Code unless otherwise stated.

sentence. In addition, appellant argues that the one-year misdemeanor parole period must be reduced by his excess custody credits and prior period on PRCS, and that the denial of such a reduction violates equal protection. Finally, appellant contends that on March 6, 2015, the trial court erroneously denied his request to apply his excess custody credits to his fines and fees.

We conclude that, except for the final contention, the appeal filed on May 4, 2015, is moot in view of the June 8, 2015 order terminating PRCS. We further conclude that the purported appeal from the June 8, 2015 order must be dismissed because appellant did not file a notice of appeal from that order. We reverse the trial court's March 6, 2015 order denying appellant's request that his excess custody credits be applied to his fines and fees.

*Procedural Background*

The procedural background is convoluted. In July 2012 in Los Angeles County Superior Court, appellant pleaded nolo contendere to two felony drug possession charges (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a)) and to driving under the influence of alcohol or drugs, a misdemeanor. (Veh. Code, § 23152, subd. (a).)[2] Appellant admitted one prior prison term enhancement (§ 667.5, subd. (b)) and one prior "strike" within the meaning of California's Three Strikes law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) He was sentenced to prison for 40 months. In September 2014 appellant was released from prison on PRCS for a period not exceeding three years. The supervising county agency was the Ventura County Probation Agency.

The passage of Proposition 47 in November 2014 made the two drug possession offenses misdemeanors unless the defendant has one or more prior convictions of specified serious felonies. Appellant does not have such a disqualifying prior conviction. In January 2015 he filed in Los Angeles County Superior Court a

_____

[2] Vehicle Code section 23152, subdivision (a) presently provides, "It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle." At the time of appellant's conviction in 2012, subdivision (a) provided that it is unlawful to drive "under the influence of any alcoholic beverage or drug."

2

petition for the recall of his felony sentence and for resentencing to misdemeanors pursuant to section 1170.18, subdivision (a), which applies to "[a] person *currently serving* a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense . . . ." (Italics added.)

Although appellant's supervising county agency was the Ventura County Probation Agency, he properly sought relief in the Los Angeles County Superior Court, where he had been convicted. Section 1170.18, subdivision (a) provides for the filing of a "petition for a recall of sentence before the trial court that entered the judgment of conviction."

On January 16, 2015, a hearing was conducted on appellant's petition. The Los Angeles County Superior Court designated both felony drug convictions as misdemeanors pursuant to section 1170.18, subdivisions (f) and (g). These subdivisions apply to "[a] person who has *completed* his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense . . . ." (*Id.*, subd. (f), italics added.) The court found that appellant had "completed" his sentence for the felony convictions. It ordered "proceedings terminated."

Despite the Los Angeles County Superior Court's order designating the felony drug convictions as misdemeanors, appellant subsequently filed a petition in Ventura County Superior Court requesting that the same felony drug convictions be designated as misdemeanors pursuant to section 1170.18, subdivisions (f) and (g). Appellant stated that he had "completed" his sentence for the felony convictions. On March 4, 2015, Judge Patricia M. Murphy of the Ventura County Superior Court granted the petition and designated the felony convictions as misdemeanors.

On March 6, 2015, Judge Murphy denied appellant's request to terminate PRCS and to apply his excess custody credits to his fines and fees. On March 23, 2015, appellant's supervising county agency filed a petition to revoke PRCS because appellant had violated its terms. Appellant admitted the violations. He agreed that he would be

3

confined in the county jail for 60 days and, upon his release, would be returned to PRCS. On April 16, 2015, Judge Charles W. Campbell of the Ventura County Superior Court approved the modification of PRCS as agreed to by appellant. Judge Campbell denied appellant's request to terminate PRCS because Judge Murphy had previously denied the same request. Judge Campbell deemed the jail commitment to have been served and discharged appellant from custody. On May 4, 2015 appellant filed a notice of appeal from the Ventura County Superior Court's orders of March 6, 2015 and April 16, 2015 denying his request to terminate PRCS.

On June 8, 2015, Judge Murphy made a "Nunc Pro Tunc" order "as of" March 4, 2015, the date on which she had designated the felonies as misdemeanors. "A nunc pro tunc order or judgment is one entered as of a time prior to the actual entry, so that it is treated as effective at the earlier date." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 60, p. 595.) The nunc pro tunc order terminated PRCS and, over appellant's objection, placed him on misdemeanor parole for one year beginning on March 4, 2015. The misdemeanor parole was pursuant to section 1170.18, subdivision (d), which provides, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence . . . ." Appellant did not file a notice of appeal from the nunc pro tunc order.

The Ventura County Superior Court proceedings on June 8, 2015, are not reflected in the record on appeal. They are reflected in the court's "Docket Report," that appellant attached at the end of his opening brief. The People have not objected to the attachment of the Docket Report and refer to it in their brief. Pursuant to Evidence Code sections 452, subdivision (d), and 459, subdivision (a), we take judicial notice of the Docket Report.

*The Appeal Filed on May 4, 2015, Is Moot Except for the Issue Whether*
*Appellant's Excess Custody Credits Can Reduce His Fines and Fees*

Appellant's May 4, 2015 notice of appeal was expressly from the March 6, 2015 and April 16, 2015 orders denying his request to terminate PRCS. It was also impliedly from the March 6, 2015 order denying his request to apply his excess custody

4

credits to his fines and fees. In view of the June 8, 2015 order terminating PRCS, the appeal is moot except for the excess custody credit issue. "A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief. [Citation.]" (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503.) Since the June 8, 2015 order mentioned nothing about applying appellant's excess custody credits to his fines and fees, the appeal as to that issue is properly before us.

*Appellant Is Entitled to Have His Excess*

*Custody Credits Applied To his Fines and Fees*

When he was sentenced, appellant was ordered to pay numerous fines and fees, including a $200 restitution fine. Appellant argues, and the People concede, that "he is entitled to have his excess [custody] credits applied to his fines and fees under section 2900.5." The People allege, "[T]his Court should remand the matter to the trial court for the limited purpose of recalculating the fines and fees." The People note that "[a]ppellant had 730 days of custody credits remaining at the time of his Proposition 47 resentencing."

We accept the People's concession. Appellant committed the drug offenses in December 2011. At that time, section 2900.5, subdivision (a) required that excess custody credits be applied to restitution fines. In 2013 section 2900.5 was amended to eliminate the application of excess custody credits to restitution fines. (Stats. 2013, ch. 59, § 7.) But "the ex post facto clause applies to [appellant's] $200 restitution fine, and therefore the restitution fine is governed by the statutes in effect at the time of his offense. [Citation.]" (*People v. Morris* (2015) 242 Cal.App.4th 94, 102.)

*The Purported Appeal from the June 8, 2015 Order Must Be Dismissed*

Appellant did not file a notice of appeal from the June 8, 2015 order terminating PRCS and placing him on misdemeanor parole for one year. The earlier notice of appeal filed on May 4, 2015, cannot be construed as encompassing the subsequent order. The notice of appeal stated that it was "limited" to review of the March 6, 2015 and April 16, 2015 orders, "and specifically the aspect of the judgment imposing court-ordered Post Release Community Supervision." (See *People v. Denham* (2014)

5

222 Cal.App.4th 1210, 1214 [notice of appeal from judgment cannot be construed as encompassing postjudgment victim restitution order that was separately appealable].)

" '[T]he filing of a timely notice of appeal is a jurisdictional prerequisite.' " (*People v. Denham*, *supra*, 222 Cal.App.4th at p. 1213.) We therefore must dismiss the purported appeal from the June 8, 2015 order. (See *Id*., at p. 1214 [Because defendant appealed from judgment and not from postjudgment victim restitution order, "the appeal must be dismissed as to the challenge to the victim restitution order"]; *Sears, Roebuck & Co. v. National Union Fire Ins. Co. of Pittsburgh* (2005) 131 Cal.App.4th 1342, 1352 [court dismissed purported appeal from appealable order awarding sanctions because appellant had not filed a notice of appeal from that order, even though prior to that order appellant had filed a notice of appeal from other earlier orders].)[3]

---

[3] The dismissal of the appeal from the June 8, 2015 order should not prejudice appellant. Our Supreme Court recently held that excess custody credits cannot reduce the one-year misdemeanor parole period. (*People v. Morales* (June 16, 2016, S228030) __ Cal.4th. __ [2016 Cal. Lexis 4001].) It follows that time spent on PRCS also cannot reduce the parole period. In any event, issues concerning misdemeanor parole are moot because it was due to expire four months ago on March 3, 2016.

*Disposition*

The purported appeal from the June 8, 2015 order is dismissed because appellant did not file a notice of appeal from that order. The appeal from the March 6, 2015 and April 16, 2015 orders is dismissed as moot except for the issue of whether on March 6, 2015, the trial court erroneously denied appellant's request to apply his excess custody credits to his fines and fees. The order denying that request is reversed, and the matter is remanded with directions to recalculate appellant's fines and fees.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

7

Patricia M. Murphy / Charles W. Campbell, Judges

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Benjamin W. Maserang, Sr. Deputy Public Defender, William Quest, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.