Filed 1/28/25  P. v. Holmes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083994 |
| v. | (Super.Ct.No. FSB21003109) |
| JAMES SIDNEY HOLMES III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.

Affirmed.

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant James Sidney Holmes III appeals from the trial court's $57,598 restitution order, seeking our review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). (See *Anders v. California* (1967) 386 U.S. 738; see also *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*) [appellate court may conduct independent review of postconviction matters in its discretion].) Our independent review under those authorities discloses no issue of arguable merit on which to request briefing by the parties. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 ["an arguable issue" requires "a reasonable potential for success" on appeal].) We therefore affirm the trial court's ruling.

## BACKGROUND

In August 2022, defendant entered a no contest plea to a felony charge of vandalism. (Pen. Code, § 594, subd. (b)(1); all further statutory references are to this code.) His negotiated disposition included a sentence of two years on felony probation, with credit for time served. As the factual basis for his plea, defendant stipulated to the police report concerning his arrest, which reflected that he was apprehended under the La Cadena bridge in Colton, holding a saw in his hand. Defendant admitted at the scene that he had been offered $200 by someone named "Milo" to "see if there was copper wire in the utility line" he had just severed. The line belonged to and was maintained by the telecommunications company, AT&T, which had to respond to the incident to restore service to its customers.

Defendant's plea and probation terms both expressly included victim restitution. An initial estimate prepared by the probation department put AT&T's damages at more than $20,000, consisting of $16,550 to "Replace and repair copper" and $5,707.20 to "Replace and repair fiber." The restitution hearing was continued several times.

During the interim, AT&T conducted a more thorough accounting and updated its loss figure with detailed records. The probation department's revised restitution memo in advance of defendant's May 2024 restitution hearing reflected that, as an AT&T representative explained, defendant had " 'cut the cable in the worst location,' " such that, " 'It was not a simple fix; we could not simply repair the cable.' "

The restitution memo stated an updated loss figure of $57,958, comprised of "engineering costs, material costs, and labor costs to restore service." Documentation for the loss included enumerated line item expenses, substantiated by an engineering checklist, internal AT&T project estimates and authorizations, project mapping and schematic drawings, and a pricing report.

At the restitution hearing, the prosecution submitted on the probation department's loss report, to which defendant objected on foundation and hearsay grounds. Defense counsel challenged the "records attached to the [restitution] memo [as] not self-explanatory in any way." Defense counsel contended "this is the type of restitution request in which actual witnesses should be presented by the People . . . for this large amount of restitution," arguing further that "something more technical [like this] requires witnesses or some form of additional evidence." Defense counsel also suggested insurance might be a factor, objecting that the restitution demand omitted "how much of

this was paid out," if any.  The defense requested that the court "not order any restitution" "for today's purposes," but appeared to suggest a continuance, stating "restitution is always reserved" and that "witnesses and additional evidence should be produced to justify this high amount of restitution."

The trial court ruled as "a textbook point of law" that insurance "is not a matter of consideration."  With hearsay admissible "on a restitution hearing [to] create[] a presumption, which can be rebutted," the court then turned to the restitution memo.  Finding it "reasonable to explain what was done and what the amount is," the court noted in particular that it listed "10 different cablings and the amounts" and that "[i]t's got back-up documentation."  The court found the burden of proof satisfied and ordered restitution in the amount of $57,598.

## OUR REVIEW

This court advised defendant in separate notices of his opportunity to file a supplemental brief on appeal, referencing first *Wende* and then *Delgadillo*.  Defendant did not respond to either notice.  We note the Penal Code provides for both imprisonment and a fine when vandalism damage exceeds $10,000 in value, and only a fine or imprisonment for damage greater than $400, but less than $10,000.  (§ 594, subd. (b)(1).) The prosecutor sought neither a fine nor imprisonment, consenting to felony probation. In these circumstances, given what seems at first glance a substantial restitution order on a complaint for vandalism damage stated as "over $400," with no cap on value identified but for which probation was granted and no fine was sought or imposed, we exercise our discretion to apply independent review in this postconviction matter.  (*Delgadillo*, *supra*,

4

14 Cal.5th at p. 232; see also *People v. Denham* (2014) 222 Cal.App.4th 1210, 1213-1214 [victim restitution order separately appealable from judgment of conviction].)

While the restitution figure is high, with limited exceptions not relevant here, even where the trial court does not impose a restitution *fine*, the trial court must order "full restitution" in every case "in which a victim has suffered economic loss as a result of the defendant's conduct." (§ 1202.4, subd. (f).) "Under the California Constitution, a victim is entitled to restitution. (Cal. Const., art. I, § 28, subd. (b)(13).)" (*People v. Lockwood* (2013) 214 Cal.App.4th 91, 95.) "Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt," and appellate review is under the deferential abuse of discretion standard. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26, 42 ["trial courts have discretion regarding the formalities they follow and the evidence they consider at such hearings"]; cf. also *People v. Crisler* (2008) 165 Cal.App.4th 1503, 1509 [indicating victim expenses to attend court hearings would be compensable, including travel costs and loss of wages due to time spent as a witness].)

Pursuant to *Delgadillo*, *supra*, 14 Cal.5th at p. 232 and the principles identified in *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Kelly*, at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The trial court's restitution order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.