Filed 11/26/25  P. v. Rojas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052176 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 211268) |
| v. | |
| ORLANDO ROJAS, | |
| Defendant and Appellant. | |

Defendant Orlando Rojas appeals from an order denying a motion for discovery filed under the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 3.5; Pen. Code,[1] § 745) (hereafter RJA or Act).  Rojas contends the trial court erred by denying the discovery motion without appointing counsel.

For the reasons explained below, we decide the trial court's order is not appealable and dismiss Rojas's appeal.

## I.  PROCEDURAL BACKGROUND[2]

A jury convicted Rojas of conspiracy to commit murder (§ 182), three counts of murder (§ 187), and four counts of attempted murder (§§ 187, 664).

[1] All further unspecified statutory references are to the Penal Code.
[2] We do not state the facts of Rojas's offenses because they are not relevant to the resolution of this appeal.

The jury also found true gang enhancements (§ 186.22, subd. (b)(1)(C)), multiple murder and gang murder special circumstances (§ 190.2, subd. (a)(3), (a)(22)), and several firearm enhancements (§ 12022.53, subds. (b), (c), (d)).  In September 2011, the trial court sentenced Rojas to life without the possibility of parole, consecutive to life with the possibility of parole, consecutive to 175 years to life.  (See *People v. Rojas* (Sept. 27, 2019, H045486) [nonpub. opn.].)

In March 2024, Rojas, on his own behalf, filed a form motion for discovery under section 745, subdivision (d) (section 745(d)) (hereafter motion).  Rojas asked the trial court to appoint counsel and order the Santa Clara County District Attorney's Office to produce certain documents and information relevant to a potential RJA violation.  The requested discovery included the race of persons charged or convicted of the offenses and enhancements for which Rojas was convicted, the race of victims in the identified cases, every defendant's criminal history, and final case disposition data for the period January 1, 1980, through December 31, 2023.  Rojas asserted that "[u]pon compelled disclosure of this information, [he] (who is Hispanic []) will be able to show by a preponderance of the evidence" a violation of section 745, subdivision (a)(3) and (a)(4).[3]

In April 2024, Rojas filed a separate request pursuant to California Rules of Court, rule 10.500 (rule 10.500) for access to judicial administrative records (hereafter public records request).  Rojas asked for records from the Santa Clara County Superior Court concerning, inter alia, the "[r]acial composition of the population" arrested, charged, or convicted in Santa Clara

---

[3] There is no indication in the appellate record that Rojas had concurrently filed a petition for writ of habeas corpus under section 1473, subdivision (e) (section 1473(e)), alleging any violation under section 745.

2

County for murder (§ 187) and murder with a special circumstance (§ 190.2) "for each year from 1980 to 2023." Rojas did not request the appointment of counsel for his public records request.

On May 1, 2024, without appointing defense counsel or holding a hearing, the trial court issued a written order denying Rojas's "motion for discovery under the Racial Justice Act." The court explained that section 745(d) required a good cause showing for a discovery order, discussed case law on RJA discovery (i.e., *Young v. Superior Court* (2022) 79 Cal.App.5th 138 (*Young*)), and stated that Rojas had "alleged no specific facts that a violation of the RJA occurred in his case." The court concluded: "[Rojas]'s showing amounts to a statement that he is Hispanic, specifically of Mexican decent, and that he was convicted of crimes. This is insufficient to show good cause for discovery under the RJA."

Rojas appealed from the trial court's May 1, 2024 order denying his discovery motion.[4]

---

[4] In his appellate briefing, Rojas references both his discovery motion and his separate public records request when arguing that the trial court erred by denying discovery without appointing counsel. However, the appellate record does not include any information regarding whether or how the trial court responded to Rojas's public records request. Because the appellate record lacks any decision on Rojas's public record request and, further, because Rojas's notice of appeal specifically referenced only the trial court's "May 1, 2024" order denying Rojas's "Penal Code section 745(d) – discovery motion," we do not consider any aspect of Rojas's separate public records request in deciding this appeal. (See *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 371 [failure to secure a ruling forfeits any appellate claim of error]; see also *People v. Denham* (2014) 222 Cal.App.4th 1210, 1214 [dismissing an appellate challenge to a postjudgment victim restitution order because the defendant failed to appeal from that order].)

Moreover, we note for Rojas's information that rule 10.500(j) provides a separate procedural mechanism for enforcing public access to judicial administrative records. (See rule 10.500(j)(2) ["Any person may institute

3

## II. DISCUSSION

Rojas contends the trial court erred by not appointing counsel to assist him in requesting discovery and developing a potential RJA claim. Rojas acknowledges no case law has expressly held that an order denying a standalone section 745(d) discovery motion is appealable under section 1237, subdivision (b) (section 1237(b)), as an order affecting the defendant's substantial rights.[5] Nonethless, Rojas contends, inter alia, that the denial of such a motion implicates a substantial right because it "stifles a defendant's ability to pursue an RJA claim of discrimination because he simply cannot do so without access to county data." Rojas asks this court "to reverse the denial of his motion as it pertains to the RJA and remand the case for appointment of counsel."

Relying principally on *In re Montgomery* (2024) 104 Cal.App.5th 1062, review granted December 11, 2024, S287339 (*Montgomery*), the Attorney General responds that the trial court lacked jurisdiction to consider Rojas's "freestanding motion . . . untethered from any pending controversy, and its denial is therefore a nonappealable order."[6] The Attorney General further asserts that under *People v. Serrano* (2024) 106 Cal.App.5th 276, review granted January 15, 2025, S288202 (*Serrano*), the trial court's order is an

---

proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any judicial administrative record under this rule."].)

[5] Section 1237(b) authorizes a defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

[6] On review in the California Supreme Court, *Montgomery* presents the following question: "Must a petitioner allege a prima facie case for relief under the Racial Justice Act (Pen. Code, § 745; RJA) before the trial court can consider a discovery request for disclosure of evidence under the RJA (*id.*, subd. (d))?" (See *In re Montgomery,* S287339 [Supreme Court's online case summary].)

4

unappealable interlocutory order.[7] Additionally, the Attorney General contends that even if Rojas's motion were construed as a petition for writ of habeas corpus (§ 1473(e)), the denial of that petition is not appealable.[8] Lastly, assuming appealability, the Attorney General contends Rojas failed to show good cause for discovery and there is no statutory basis for appointing counsel to assist a convicted defendant in making a prima facie showing of an RJA violation.

In his reply brief, Rojas responds, inter alia, that he "presented a sufficient basis for discovery, meeting the 'plausible factual foundation' standard."

A. *Relevant Statutory Provisions*

"The Racial Justice Act (§ 745) precludes the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin. It provides remedies upon proof of a violation for defendants in ongoing criminal prosecutions, and also for convicted defendants whose convictions are already final if they are eligible to seek relief under the application provision of the statute." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999.)

Section 745 specifies four categories of conduct that may serve as the basis for a violation of the RJA. (§ 745, subd. (a)(1)–(4).) A defendant may request disclosure of evidence relevant to a potential RJA violation, and the trial court shall order disclosure upon a showing of good cause. (*Id.*, subd.

---

[7] Our Supreme Court has deferred further action in *Serrano* pending its decision in *Montgomery*. (See *People v. Serrano*, S288202 [Supreme Court's online case summary].)

[8] We construe Rojas's motion only as one for discovery under section 745(d). Rojas has not asked this court to construe his motion otherwise, and he reiterates throughout his appellate briefing that his motion was for discovery.

(d);[9] see also *Young, supra,* 79 Cal.App.5th at p. 159 [concluding that "good cause" for discovery under the RJA requires only "a plausible factual foundation, based on specific facts, that a violation of the [RJA] 'could or might have occurred' in [the] case"].)

"When it was first passed, the RJA applied only prospectively, to cases in which judgment had not yet been entered as of the Act's effective date of January 1, 2021. [Citation.] But in 2022, the Legislature extended the Act to additional categories of cases, effective at various points over the next several years." (*People v. Wilson* (2024) 16 Cal.5th 874, 946.) As of "January 1, 2024, the Act applies to all cases in which the petitioner is currently serving a sentence for felony or juvenile offenses 'regardless of when the judgment or disposition became final' (§ 745, subd. (j)(3))." (*Wilson,* at p. 946, fn. 13.) Such petitioners may file a petition for writ of habeas corpus raising a claim

---

[9] Section 745(d) provides in pertinent part: "A defendant may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state. A motion filed under this section shall describe the type of records or information the defendant seeks. Upon a showing of good cause, the court shall order the records to be released."

Effective January 1, 2026, section 745(d) will provide in pertinent part: "*In any proceeding alleging a violation of subdivision (a)*, a defendant *or petitioner* may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state. A motion filed under this section, *a motion under paragraph (2) of subdivision (e) of [s]ection 1473*, or a motion under paragraph (3) of subdivision (a) of [s]ection 1473.7 shall describe the type of records or information the defendant seeks. Upon a showing of good cause, the court shall order the records to be released." (Stats. 2025, ch. 721, § 2.5, italics added [Assem. Bill No. 1071 (2025–2026 Reg. Sess.) (Assembly Bill 1071)].)

under section 745 and request appointment of counsel.[10]  (See §§ 745, subd. (j)(3), 1473(e);[11] see also *McIntosh v. Superior Court* (2025) 110 Cal.App.5th 33, 39–40 [holding that "the plain language of section 1473(e) imposes a duty on trial courts to consider whether indigent petitioners who request counsel

---

[10] Rojas does not point this court to (and this court is not aware of) any provision in the RJA that specifically addresses the appointment of counsel in connection with a standalone postjudgment section 745(d) discovery motion.

[11] Section 1473(e) provides in pertinent part:  "Notwithstanding any other law, a writ of habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of [s]ection 745, if that section applies based on the date of judgment as provided in subdivision (j) of [s]ection 745. . . . *The petition shall state if the petitioner requests appointment of counsel and the court shall appoint counsel if the petitioner cannot afford counsel and either the petition alleges facts that would establish a violation of subdivision (a) of [s]ection 745 or the State Public Defender requests counsel be appointed. . . .*  The court shall review a petition raising a claim pursuant to [s]ection 745 and shall determine if the petitioner has made a prima facie showing of entitlement to relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause why relief shall not be granted and hold an evidentiary hearing, unless the state declines to show cause."  (Italics added.)

Effective January 1, 2026, section 1473(e) will provide in pertinent part:  "Notwithstanding any other law, a writ of habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of [s]ection 745, if that section applies based on the date of judgment as provided in subdivision (j) of [s]ection 745.  [¶]  . . .  [¶]  (2) *A petitioner, or their counsel, may file a motion for relevant evidence under subdivision (d) of [s]ection 745 upon the prosecution of a petition under this subdivision, or in preparation to file a petition.*  [¶]  . . .  [¶]  (5) *The petition shall state if the petitioner requests appointment of counsel and the court shall appoint counsel if the petitioner cannot afford counsel and either the petition pleads a plausible allegation of a violation of subdivision (a) of [s]ection 745 or the State Public Defender requests counsel be appointed.*  Newly appointed counsel may amend a petition filed before their appointment."  (Stats. 2025, ch. 721, § 3.5, italics added.)

. . . are entitled to appointed counsel based on an assessment of the adequacy of the factual allegations in the habeas petition, not an assessment of the overall sufficiency of the prima facie showing that must be met to obtain an [order to show cause]"].)

B. *Analysis*

We agree with the Attorney General that Rojas's appeal must be dismissed because the trial court's denial of Rojas's section 745(d) discovery motion is not appealable. However, we express no opinion on the merits of Rojas's entitlement to discovery or appointment of counsel. Rojas remains free to seek discovery and appointment of counsel in the trial court under the RJA. Recent amendments to the Act have clarified the standards trial courts should use in evaluating such requests. (See Stats. 2025, ch. 721, §§ 2.5, 3.5 [amending § 745(d) to reference newly added § 1473, subd. (e)(2), which provides that a petitioner may file a section 745(d) discovery motion "upon the prosecution of a petition under this subdivision, or in preparation to file a petition," and amending § 1473(e) to provide that a court shall appoint counsel if a habeas corpus petition requests such an appointment and "pleads a plausible allegation of a violation of subdivision (a) of [s]ection 745"]; see also *id.* at § 1, subd. (b) [Legislature's declarations that "individuals must be afforded access to a broad range of relevant discovery to develop and support their potential RJA claims" and the "RJA's threshold to secure counsel is extremely low"].)

With respect to Rojas's current appeal, in *Montgomery*, the Fourth District Court of Appeal, Division One concluded "the RJA does not authorize a freestanding motion for discovery." (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1071, review granted.) Rather, the RJA "only authorizes discovery in a pending proceeding in which the defendant has alleged a violation of section

8

745, subdivision (a)." (*Ibid.*) The *Montgomery* court explained that "the trial court [there] would have 'exceeded its jurisdiction by ordering postconviction discovery in the absence of any proceeding pending before that court.' " (*Id.* at p. 1072.) Accordingly, the *Montgomery* court applied the rule that " '[a]n order denying a motion the [trial] court lacks jurisdiction to grant does not affect a defendant's substantial rights' " and, thus, " '[a]ny appeal from such an order must be dismissed.' " (*Ibid.*) The *Montgomery* court further explained that the petitioner, nonetheless, could file a new RJA habeas corpus petition in a court of competent jurisdiction and renew his discovery motion. (*Ibid.*)

In *Serrano*, the Third District Court of Appeal similarly held that an order denying an RJA discovery motion is not appealable, but for a different reason than that stated in *Montgomery*. The *Serrano* court explained that interpreting section 745(d) as only "permitting a defendant to seek discovery in conjunction with the filing of a habeas corpus petition . . . does not go far enough" to further the purposes of the RJA. (*Serrano, supra*, 106 Cal.App.5th at p. 288, review granted.) Rather, according to the *Serrano* court, "eligible defendants may seek postjudgment discovery under section 745, subdivision (d) *in anticipation of filing a habeas corpus petition*." (*Id.* at p. 291, italics added.)

Nevertheless, the *Serrano* court also decided that a trial court order denying a postjudgment RJA discovery motion is not appealable under section 1237(b). (See *Serrano, supra*, 106 Cal.App.5th at pp. 292–293, review granted.) The *Serrano* court explained that "an appeal from the denial of such discovery is not an order 'after judgment' (§ 1237, subd. (b)) in the *criminal* action, but from an interlocutory order in a current or future habeas proceeding." (*Id.* at p. 292.) The court continued: "Like a motion for

9

postconviction discovery under section 1054.9, a postjudgment discovery motion under the Act is merely a precursor to a criminal defendant asserting a claim under the Act, not an end in itself. Whether or not discovery is disclosed will not directly affect defendant's custody status, conviction, or sentence. Postjudgment discovery sought under the Act in connection with or in preparation for filing a petition for writ of habeas corpus is likewise an interlocutory order in connection with the anticipated filing of that habeas corpus petition. Accordingly, this appeal must be dismissed." (*Id*. at pp. 292–293; see also *In re Steele* (2004) 32 Cal.4th 682, 688 [concluding that either party may challenge a trial court ruling under § 1054.9 by a petition for writ of mandate in the Court of Appeal].) The *Serrano* court further explained that review of a trial court ruling on a postjudgment section 745(d) discovery motion lies in a mandate proceeding.[12] (*Serrano*, at p. 292.)

As noted *ante*, our Supreme Court granted review in both *Montgomery* and *Serrano* and will likely provide guidance on the appealability issue. Further, in Assembly Bill 1071, the Legislature recently amended section 1473(e) (effective January 1, 2026) to provide that a petitioner may file a discovery motion under section 745(d) "*in preparation to file a [habeas corpus] petition*" raising a claim under section 745. (See Stats. 2025, ch. 721, § 3.5, italics added [adding § 1473(e)(2)].) This new provision seemingly undermines the *Montgomery* court's holding that the RJA does not authorize a freestanding discovery motion.

Nonetheless, the Legislature has not directly responded to *Montgomery* and *Serrano* by statutorily authorizing an appeal to the Court of Appeal from the denial of a postjudgment RJA discovery motion. In fact, the Legislature

---

[12] Rojas has not requested that this court treat his current appeal as a petition for writ of mandate.

elected not to enact such a provision when considering Assembly Bill 1071. The initial introduced version of Assembly Bill 1071 proposed adding new section 1473.2, which would have included a provision granting a right to appeal:  "(j) The denial of counsel, granting or denial of disclosures to prepare a petition and the granting or denial of a petition brought under this section *shall be appealable pursuant to subdivision (b) of [s]ection 1237*."  (Assem. Bill No. 1071 (2025–2026 Reg. Sess.) as introduced Feb. 20, 2025, italics added.)  The Senate, however, removed section 1473.2 from Assembly Bill 1071 before passing it.  (See Sen. Amend. to Assem. Bill No. 1071 (2025–2026 Reg. Sess.) Aug. 29, 2025.)  Its language does not appear in the enacted legislation.

Pending further guidance from our Supreme Court on the appealability issue, we are not persuaded by Rojas's arguments that *Montgomery* and *Serrano* were both wrongly decided.  Further, we need not decide whether to adopt the reasoning in *Montgomery* or *Serrano* to resolve this appeal.  It suffices for this court to conclude that, at this point, under either decision, the trial court's May 1, 2024 order denying Rojas's discovery motion is not appealable because either the trial court lacked jurisdiction to grant that motion under the current version of the Act or the denial order otherwise does not satisfy section 1237(b).  Hence, we must dismiss Rojas's appeal.

### III.  DISPOSITION

The appeal is dismissed.

_____
Danner, J.

WE CONCUR:


_____
Grover, Acting P. J.


_____
Bromberg, J.


**H052176**
*People v. Rojas*